**YABLONSKY & ASSOCIATES, LLC**
1430 Route 23 North
Wayne, NJ 07470
Tel: (973) 686-3800
Fax: (973) 686-3801
Local Counsel for Plaintiff, Hannah Grace Hill
Daniel J. Yablonsky, Esq.
Ilissa Churgin Hook, Esq.

-and-

**KALBAUGH, PFUND & MESSERSMITH**
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:  (804) 320-6300
Fax: (804) 320-6312
Counsel for Plaintiff, Hannah Grace Hill
W. Barry Montgomery, Esquire

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ADAM DANIEL CRAMER, | : | Chapter 7 |
| | : | |
| | : | Case No. 09-34568 (KCF) |
| Debtor. | : | |
| | : | |
| HANNAH GRACE HILL, | : | Adv. Pro. No. 09-2946 (KCF) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM DANIEL CRAMER, | : | |
| | : | |
| Defendant. | : | |

**OPPOSITION OF PLAINTIFF HANNAH GRACE HILL TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR TO PRECLUDE PLAINTIFF FROM SUBMITTING ANY EVIDENCE**

TO: HONORABLE KATHRYN C. FERGUSON
UNITED STATES BANKRUPTCY JUDGE:

Hannah Grace Hill, the Plaintiff in the above captioned adversary proceeding, (hereinafter "Plaintiff" or "Hill"), by and through her counsel, Yablonsky & Associates, LLC, hereby submits this opposition in response to the Motion to Dismiss Complaint or Preclude Plaintiff From Submitting Any Evidence (the "Motion") filed by defendant Adam Daniel Cramer ("Defendant").  For the reasons set forth below, Plaintiff objects to the relief requested in the Motion and respectfully requests that the Court deny the Motion in its entirety.

## BACKGROUND

1.	Plaintiff commenced the instant adversary proceeding with the filing of a complaint pursuant to 11 U.S.C. §523(a)(6) on December 24, 2009 (the "Complaint").

2.	On or about February 9, 2010, Defendant served discovery demands on Plaintiff, consisting of (i) demand for documents and (ii) interrogatories (the "Defendant Discovery Demands").  On May 28, 2010, Plaintiff's local counsel served Plaintiff's responses to the Defendant Discovery Demands on Defendant's counsel.  Additionally, on May 28, 2010, Plaintiff's local counsel served Plaintiff's discovery demands and Plaintiff's Rule 26 Initial Disclosures on Defendant's counsel (the "Plaintiff Discovery Demands").

3.	Prior to Plaintiff's service of (i) her responses to the Defendant Discovery Demands and (ii) the Plaintiff Discovery Demands, and or about April 15, 2010, Defendant served and filed the Motion.  The Motion seeks an Order of this Court (i) dismissing Plaintiff's Complaint or precluding Plaintiff from offering any evidence at trial, or alternatively (ii) to

compel Plaintiff to supply all answers to interrogatories and responses to discovery demands within 10 days, or be precluded from offering any evidence at trial. <u>See</u> Certification in Support of Motion, ¶6.

4. At no time prior to the filing of the Motion did Defendant's counsel contact Plaintiff's counsel to discuss the outstanding responses to the Defendant Discovery Demands. The Defendant attaches, as Exhibit A to the Motion, an unsigned letter allegedly mailed to Plaintiff's counsel on March 16, 2010 regarding discovery ("Defendant's Exhibit A"). Plaintiff's counsel has searched its files and has no record or recollection of ever receiving Defendant's Exhibit A prior to the filing of the Motion. Notably, said Letter does not reflect that it was either emailed or faxed to Plaintiff's counsel.

5. No pretrial scheduling orders have been entered by the Court in the Adversary Proceeding.

**OBJECTION**

6. Plaintiff objects to the relief sought in the Motion for the following reasons. First, as set forth above, Plaintiff has served responses to the Defendant Discovery Demands. Plaintiff has also served the Defendant with her Rule 26 Initial Disclosures as well as her discovery demands. Plaintiff is not in violation of any scheduling order or other discovery related order of this Court, as none has yet been entered in this Adversary Proceeding, which was less than 4 months old on the date the Motion was filed. Therefore, Defendant's reference, in his Memorandum of Law in Support of Motion, to those sections of Fed.R.Civ.P. 37 that provide for sanctions for failure to comply with a Court Order is misplaced.

7. Second, in support of his motion, Defendant relies on two cases which are clearly distinguishable from the instant case. The facts of the instant case are clearly distinguishable

from those of Poulis. In Poulis, which involved an action removed from state court to the United States District Court for the Western District of Pennsylvania, the District Court set a discovery deadline and deadlines for pre-trial statements, which were not complied with by Plaintiff's counsel. Further, after a member of the district judge's staff advised its counsel that its pre-trial statement was overdue, counsel promised to submit the statement the next day; however, counsel neither did so nor requested any extension. The District court dismissed the case based on Plaintiff's failure to comply with the court's orders. The Court in Poulis further noted the pattern of dilatoriness and history of its counsel to comply with the court's orders.

8. In stark contrast, there have been no discovery orders violated by Plaintiff. In fact, to date, there have been no discovery orders entered by this Court. The instant Adversary Proceeding was merely four months old, and Plaintiff's discovery responses only one month late, when defendant, absent a motion to compel, or any request for a discovery conference with the Court, filed the Motion to dismiss. Defendant has failed to offer any evidence that Plaintiff acted in bad faith, or that Defendant has suffered any prejudice. Nor is a history of dilatoriness present. Further, Plaintiff clearly has a meritorious complaint, as defendant was found guilty of, and served six months in jail for, the actions alleged in Plaintiff's complaint.

9. The Bedwell and Sons case cited by Defendant is similarly unpersuasive. In that case, the lower court sanctioned Plaintiff by entering judgment against it only after granting three motions to compel against Plaintiff. Conversely, Defendant never filed a motion to compel, nor did Defendant seek a conference with this court regarding any discovery issues. Further the lower court in Bedwell and Sons explicitly warned Plaintiff to comply with its orders granting the motions to compel or risk suffering sanctions. 843 F. 2d. at 686. Moreover, the "pattern or abuse" found in Bedwell and Sons included Plaintiff's failure to comply with document demands

even after the lower court's second discovery deadline had expired, as well as Plaintiff's repeated failure to attend depositions, actions which necessitated the motions to compel.  Notably, the lower court had already imposed three lesser sanctions prior to imposing its final sanction of dismissal.  As noted by the Third Circuit in the Poulis case cited by Defendant, dismissal is a drastic sanction and must be a sanction of last, not first, resort.

10. As the instant Adversary Proceeding is in its early stages, and the Court has not yet entered any scheduling orders or set a trial date, the Defendant has failed to demonstrate how he has been prejudiced and why the extreme, last resort sanction of dismissal is warranted here.

**WHEREFORE,** based upon the foregoing, the Debtor requests that this Court deny the Motion in its entirety, and grant Plaintiff such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **YABLONSKY & ASSOCIATES, LLC**
        Local counsel for Plaintiff Hannah Grace Hill

    By:    */s/ Daniel J. Yablonsky*
            Daniel J. Yablonsky

Dated: Wayne, New Jersey
      May 28, 2010

5